
RECEIVED IN ALEXANDRIA, LA.
JUN 16 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CHRISTOPHER HARRELL | CIVIL ACTION NO. 1:08-cv-0405 |
|---|---|
| -vs- | JUDGE DRELL |
| MURPHY OIL U.S.A., INC., et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before this court is a motion for summary judgment filed by defendants Murphy Oil U.S.A., Inc. ("Murphy Oil") and Liberty Mutual Insurance Co. ("Liberty Mutual") (Doc. 21). For the reasons below, defendants' motion will be GRANTED by separate judgment.

### I. Background

Plaintiff, Christopher Harrell, asserts that on May 5, 2007, he slipped and fell after stepping in a puddle of oil at a filling station owned by Murphy Oil. Plaintiff filed suit in a district court in Avoyelles Parish and defendants removed to this court because of the diversity of citizenship between parties. There are no photographs or video of the accident or of the scene immediately after the accident. No one saw plaintiff slip and fall. The only evidence produced dealing with the filling station's premises consists of deposition testimony of: (1) the plaintiff, Mr. Harrell; (2) the sole filling station employee on duty at the time of the accident and the person to whom the accident was reported, Ms. Lisha Jones; (3) the sole attendant's immediate supervisor, Ms. Vicki Couch, who had gone home after opening the gas station that morning, but who was summoned

back by Ms. Jones to fill out an accident report; (4) the district manager over the Marksville filling station, Mr. Jeffrey Bordelon, who assisted Ms. Couch by telephone after the accident. Based on the circumstantial evidence produced by plaintiff, defendants filed their motion for summary judgment. The motion argues that Mr. Harrell has not met his burden of establishing Murphy Oil's or its employees' actual or constructive notice of the hazardous condition prior to the slip and fall incident.

## II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986)). All inferences are to be drawn in the light most favorable to the nonmovant. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992).

### III. Analysis

Because this court is exercising its diversity jurisdiction over a case in which plaintiff complains of a slip and fall caused by Murphy Oil's negligence at its Marksville, Louisiana gas station, Louisiana's substantive law will control this dispute. *See, e.g., Moore v. State Farm*, 556 F.3d 264, 269-71 (5th Cir. 2009) (giving sources of and interpretive principles for the state's substantive law as applied in a federal court sitting in diversity). Louisiana's legislative treatment of premises liability is found in section 2800.6 of title 9, which provides in part that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown

> that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LA. REV. STAT. ANN. § 9:2800.6(B–C) (2009).

Defendants' motion for summary judgment asserts that Mr. Harrell has not satisfied his burden under subsection B(2) by showing that, prior to the slip and fall, Murphy Oil either (1) created or (2) had actual or constructive notice of the puddle of oil. There is no assertion by plaintiff that Murphy Oil created the condition. Nor has anyone produced evidence that any employee of Murphy Oil—or anyone at all—had actual notice of the oil. As such, "constructive notice," as elaborated upon in subsection C(1), is the linchpin of defendants' motion.

Constructive notice in Louisiana is hardly an unsettled matter of law. "To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court." *Moore*, 556 F.3d at 269 (relating elsewhere that "although this Court will not disregard Louisiana intermediate-appellate-court decisions unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them"). In interpreting the definition of constructive notice in section 2800.6, the Louisiana Supreme Court has provided as follows:

> The definition [of constructive notice] is ... clear and unambiguous. There is a temporal element included: "such a period of time . . ." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.

4

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084–85 (La. 1997) (footnote omitted); *see also Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1190–91 (La. 1999) (quoting and applying language from *White*); *Babin v. Winn-Dixie La., Inc.*, 764 So. 2d 37, 40–41 (La. 2000) (same); *Moore v. Brookshire Grocery Co.*, 824 So. 2d 345, 345–46 (La. 2002) (same).

In each case the Louisiana Supreme Court concluded that the plaintiff failed to present evidence satisfying the temporal element of constructive notice. *White*, 699 So. 2d at 1086 ("The statute is clear. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence."); *Kennedy*, 733 So. 2d at 1191 ("In the instant case, plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question. However, plaintiff presented absolutely no evidence as to the length of time the puddle

5

was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition."); *Babin*, 764 So. 2d at 40 ("Plaintiff was unable to produce any factual support for his contention that the toothpick boxes were on the floor for some period of time before his fall. The court of appeal speculated that plaintiff could show there was a possibility the boxes had been on the floor for some period of time, and that Winn-Dixie's employee was negligent in failing to observe them. However, such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial."); *Brookshire Grocery*, 824 So. 2d at 345–46 ("Plaintiff produced no positive evidence that the grapes were on the floor for some period of time before his fall and consequently did not bear his burden of proving the temporal element of constructive notice as required by La. R.S. 9:2800.6(C)(1).").

Insofar as Mr. Harrell attempts to rely upon the sparsity of Murphy Oil employees or attendants, or the lack of reported cleaning or spill spot-treatments since the manager's walk-through when she opened the filling station that morning, these arguments provide no factual support for the temporal element of constructive notice. These arguments improperly shift the burden on the temporal element to the defendant premises owner. *See Babin*, 764 So. 2d at 40 n.4 ("Plaintiff also relies upon the daily zone log record for the store's produce department, and the store's incident report of his fall, in support of his argument that the aisle where the accident occurred was not inspected for at least ten minutes before he fell. Plaintiff further relies on his own deposition testimony that he did not see any Winn-Dixie employees in the area. However, none of

this evidence constitutes factual support sufficient to establish that plaintiff could satisfy his evidentiary burden of proving the toothpick boxes had been on the floor for some period of time.").

Mr. Harrell has produced no evidence that the puddle of oil was on the ground for some period of time before he slipped in it. It could be that the oil leaked from another patron's vehicle immediately after Ms. Couch performed the initial walkthrough of the filling station parking lot when she opened the store that morning. It could be that the puddle had been there for several hours until Mr. Harrell slipped in it around 1:30 that afternoon. It could be, however, that the oil had only just been poured, or leaked, or spilled, onto the pavement while Mr. Harrell was paying for his gas at the booth, and then he slipped on the puddle that had not been there when he first walked to the booth. All of this very well could be. But such speculative inquiry as this is expressly foreclosed—or at the very least it is not evidentiary support—under the temporal evidentiary element of constructive notice. As the Louisiana Supreme Court has noted, "such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." *Babin*, 764 So. 2d at 40. This is why plaintiffs are required to produce evidence of some period of time the dangerous condition existed; otherwise finders of fact have no standard by which to judge the reasonableness of a defendant's response or non-response to that condition. While it "is not an impossible burden" for plaintiffs, *White*, 699 So. 2d at 1085, Mr. Harrell has not met it here.

## IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment (Doc. 21) will be GRANTED, and plaintiff's complaint will be DISMISSED WITH PREJUDICE by a separate judgment.

SIGNED on this 16th day of June 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE